**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5190**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

KENDRICK RAMON BOWDEN,

    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:08-cr-00222-WO-1)

Submitted:  June 17, 2010    Decided:  June 23, 2010

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Donald Cowan, Jr., Heather H. Wright, ELLIS & WINTERS, LLP, Greensboro, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendrick Ramon Bowden pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Under the properly calculated advisory Sentencing Guidelines, his range of imprisonment was 87 to 108 months. The district court, after giving consideration to the sentencing factors under 18 U.S.C. § 3553(a) (2006) and the disparity between crack cocaine and powder cocaine sentencing, varied downward, sentencing Bowden to 72 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that Bowden's sentence is unreasonable because the district court declined to impose a sentence based on a 1:1 ratio for crack and powder cocaine. Although Bowden was informed of his right to file a pro se supplemental brief, he has not done so. The Government has declined to file a response. We affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, the appellate court must "first ensure that the district court committed no significant procedural error," such as improperly calculating the guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen

2

sentence. <u>Gall</u>, 552 U.S. at 51. If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. <u>Id.</u> "When rendering a sentence, the district court must make an individualized assessment based on the facts presented" and "state in open court the particular reasons supporting its chosen sentence." <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and citations omitted). This requires the district court to provide a sufficient explanation of the sentence to satisfy this court that the district court has a reasoned basis for its decision and has considered the parties' arguments. <u>Id.</u> Substantive reasonableness of the sentence is determined by "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007) (quoting <u>Gall</u>, 552 U.S. at 51).

We find the district court's sentence was both procedurally and substantively reasonable. In <u>Kimbrough v. United States</u>, 552 U.S. 85, 110 (2007), the Supreme Court reemphasized that the crack cocaine guidelines are advisory only and held that "it would not be an abuse of discretion for a district court to conclude when sentencing a . . . defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run

3

case." Subsequently, the Court held "that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 129 S. Ct. 840, 843-44 (2009). In this case, the district court clearly understood its discretion to consider Bowden's disparity arguments in selecting a sentence; it clearly exercised this discretion in sentencing Bowden below the advisory Guidelines range based on this disparity and its consideration of the § 3553(a) factors. We find no abuse of discretion in the district court's determination of Bowden's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bowden's conviction and sentence. This court requires that counsel inform Bowden, in writing, of the right to petition the Supreme Court of the United States for further review. If Bowden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowden. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

                                                                    AFFIRMED